A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RUSSELL WARE
(Enter above the full name of
each plaintiff in this action.)

118323
Inmate (DOC) number

Versus

LA DPS&C, RAMAN SINGH; BURL CAIN; KENNETH
NORRIS; STEPHANIE LAMARTINIERE;
JASON COLLINS, and RANDY LAVESPERE
(Enter above the full name of each defendant in this action.)

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER,** you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER,** you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts.  **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.**

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.    Previous Lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?      Yes ( ) No ( X )

    B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more  than one lawsuit, describe the additional lawsuits on another piece of  paper, using the same  outline.)

        1.   Parties to this previous lawsuit
            Plaintiff(s): _____

            _____

            Defendant(s): _____

            _____

        2.   Court (if federal court, name the district; if state court, name the parish):

        _____

        3.   Docket number: _____

        4.   Name of judge to whom case was assigned: _____

        _____

        5.   Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

        _____

        6.   Date of filing lawsuit: _____

        7.   Date of disposition:_____

    C.   Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?      Yes (  )    No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

II.    Place of present confinement: La. State Penitentiary

A.  Is there a prisoner grievance procedure in this institution?  Yes (X) No ( )

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
        Yes (X ) No ( )

C.  If your answer is YES:

1.  Identify the administrative grievance procedure number (s)  in  which the  claims  raised  in this complaint were addressed.  LSP-ARP-2013-2225

2.  What steps did you take?  __BOTH STEPS EXHAUSTED

3.  What was the result?   DENIED RELIEF

D.  If your answer is NO, explain why not: _____

III.   **Parties**
(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A.  Name of plaintiff(s)   RUSSELL WARE/#118323
   Address    Main Prison West/Oak-4, La. State Penitentiary, Angola, LA 70712
In Item B below, place the full name of the defendant in the first blank, his official position in the second  blank, and  his place of employment in the third blank.  Use Item C for the  names, positions, and  places  of  employment  of  any  additional defendants.

B.      Defendant Louisiana Department of Public Safety & Corrections.

C.      Defendant  __N. BURL CAIN_  is employed as WARDEN at the Louisiana State Penitentiary Angola Louisiana

D.      Additional Defendants: Kenneth Norris is employed as Assistant Warden at the Louisiana State Penitentiary, Angola, Louisiana

3.

E.      Defendant Jason Collins is employed as Medical Director R.E. Burrow Treatment

Center

at the Louisiana State Penitentiary  Angola Louisiana

F.      Defendant Stephanie Lamartiniere is employed as Assistant Warden

at the Louisiana State Penitentiary  Angola Louisiana

G.      Defendant Raman Singh is employed as Medical Director DPS&C / Interim Medical

Director

at the Louisiana State Penitentiary  Angola Louisiana

H.      Defendant Randy Lavespere is employed as Assistant Medical Director at the Louisiana

State Penitentiary, Angola, Louisiana.

## IV.     Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved.
Include also  the names of other persons involved, dates, and places.  **Do not given any legal
arguments or cite any cases  or statutes.** If you intend to allege a number of related claims, number
and set forth each claim in a separate  paragraph. (Use as much space as you need.  Attach extra sheets
if necessary.)

1. Deliberate Indifference To Serious Medical Needs, Forcing Plaintiff To Suffer Gratuitous Infliction Of

Pain From Untreated Hernia, And Inadequate Pain Medication;

2. Challenging The Following DPS&C Policies As Unconstitutional, As The Moving Force Of Violation Of

USCA 8 Because Each Challenged Policy Is Based Upon Lack Of Funds And Not Medical Needs:

(1) Installation And Use Of Medically Unqualified (a) Warden Medical Services; (b) Security Officers

For EMT's; (c) Nursing Personnel Making Medical Decisions Based Purely On Lack Of Funds And Not

Medical Needs;

(2) "SLOW-ROLLING" Medical Examination, Diagnosis, And Responsive Treatment For Serious

Medical Needs [See Definition Set Forth Below In The Memorandum In Support];

(3) Blanket-Policy Campaign Of Reducing DPS&C Medical Costs By Raman Singh - Requiring LSP

Physicians Deliberately Mis-prioritizing Surgical Consults For Medically Necessary Surgical

Intervention For Non-incarcerated Hernia, So LSU Or Other Outside Medical Facilities Will Not

Schedule Surgery.

(4) Refusing Medically Necessary Hernia Surgery On Theory That Since It Is Impossible To Measure

Or Quantify Severity Or Experience Of Subjective Pain, DPS&C Has No Duty Or Power To Treat A

Hernia Without Objective Proof Of Pain.

(5) Manipulating Consult Priority Levels [non-prioritized Or Low Priority Based On Lack Of Funds] Knowing LSU Health Services Will Delay Scheduling Of Medically Needed Diagnosis, Treatment Or Surgery;

(6) Refusal To Submit Adequately Prioritized Surgical Consults **To Other Outside Facilities** When LSU Health Services Fails To Schedule Surgery;     *See attached Memorandum*

V.     **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments.  Cite no cases or statutes.  Attach no exhibits. _____

DECLARATIVE JUDGMENT; INJUNCTIVE RELIEF;   MONETARY DAMAGES, AS SET FORTH MORE FULLY BELOW

VI.     **Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this ____*19*____ day of ____*September*____, 2014

Signature of plaintiff(s)

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

## JURY TRIAL DEMANDED

| | | |
|---|---|---|
| RUSSELL WARE #118323 | : | CIVIL NO.:_____ |
| *Plaintiff* | : | |
| versus | : | SECTION:_____ |
| | : | |
| N. BURL CAIN; KENNETH NORRIS; | : | MAG:_____ |
| STEPHANIE LAMARTINIERE; and | : | |
| JASON COLLINS | : | JUDGE:_____ |
| *Defendants* | : | |

FILED: _____

DTY/CLERK OF COURT

## CIVIL RIGHTS COMPLAINT WITH JURY DEMAND UNDER 42 U.S.C. § 1983 FOR DELCARATIVE and INJUNCTIVE RELIEF AND MONETARY DAMAGES

NOW INTO COURT comes, RUSSELL WARE/#118323, a state prisoner, pro se, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs; a violation of his civil rights under the Eighth Amendment to the United States Constitution. Plaintiff seeks declaratory and injunctive relief along with damages for unconstitutional infliction of needless pain and suffering. Plaintiff demands a trial by jury.

### JURISDICTION

1.    This Court has jurisdiction over Plaintiff's claims of violating Federal Constitutional rights under 28 U.S.C. § § 1331 and 1343.

2.    The Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367

### INTERESTED PARTIES

3.    Plaintiff RUSSELL WARE/#118323, is a state prisoner who was and is incarcerated at the La.

5

State Penitentiary, Angola Louisiana (LSP) during the events described in this complaint.

4.    The **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** is responsible for providing reasonable and adequate medical care for all types of medical conditions.  Defendant DPS&C is named for declarative and injunctive relief only.  Specifically, the United States District Court for the Western District of Louisiana has issued declarative and injunctive relief against the Louisiana DPS&C in Baker v. Wilkinson, 635 F. Supp.2d 514 (W.D. La. 2009).  DPS&C has changed its policies just enough to maintain the same policy of delaying medically necessary surgeries to save money unless the underlying medical condition becomes imminently life-threatening.  This practice is forcing hundreds of prisoners to suffer gratuitous infliction of pain for months and even years, in exactly the same manner as was condemned in Baker, supra.  The Court should broaden the holding of Baker to force the DPS&C to exercise is power and duty to provide medically necessary surgeries without unreasonable delay due to a mere claim of lack of funds.

5.    Defendant **RAMAN SINGH** is the Medical Director for the DPS&C and is currently serving as the Interim Medical Director of LSP.  Defendant Singh is the primary policymaker responsible for initiating and implementing the unconstitutional policies detailed and challenged in this lawsuit.   Singh is required to adopt, promulgate and enforce polices to provide prisoners medically necessary diagnostic, treatment and surgery without unnecessary delay.  Singh is charged with both the power and duty to provide medically necessary hernia surgery and cannot delay such surgery on the basis that pain is subjective and immeasurable.  Defendant Singh is responsible for providing medically necessary medical care despite lack of funds.  Defendant Singh is sued in his individual capacity for damages and is sued in his official capacity for declarative and injunctive relief.

6.    Defendant **N. BURL CAIN** serves as Corrections Warden 5 and is Unit Manager of LSP and a

6

Regional Warden. Defendant Cain interprets and implements policy and new or revised policy. Defendant Cain meets periodically with the Assistant Warden/Medical Services and DPS&C and LSP Medical Director to discuss areas/issues of concern regarding security; overall effectiveness of the health care system; need for improvements in the delivery of medical services, and the environmental factors which may be affect healthcare. All grievances are originally directed to Defendant Cain's Office for review and then forwarded to appropriate Department Heads for response. Plaintiff submits that Defendant Cain is aware of the medical indifference lawsuits filed because hernia and other medically necessary surgeries are being deliberately delayed due to lack of funds. Cain has implemented a policy of forcing prisoners to lift heavy lockers with no way to safely lift them causing hernias, then refusing surgery to correct the hernia condition. Combined, Defendant Cain has personal involvement sufficient for purposes of supervisory liability under 42 U.S.C. § 1983. N. BURL CAIN is sued in his individual capacity for damages for supervisory liability as a policymaker. Cain is also sued in his official capacity for declaratory and injunctive relief to declare illegal and judicially enjoin the "policies" challenged as unconstitutional below.

7.    Defendant **RANDY LAVESPERE** is employed as Assistant Medical Director at the Louisiana State Penitentiary, at Angola, Louisiana and is charged to implement all the unconstitutional and challenged policies, practices and customs implemented by Defendant Raman Singh as set forth more fully below. Defendant Lavespere is not a medical doctor and will not be fully licensed until November 2014. He is neither qualified, nor lawfully permitted to perform the basic functions of this position without the direct supervision of an on-site fully licensed physician. Defendant Lavespere is sued in his official capacity for declarative and injunctive relief to judicially enjoin policies, practices or customs of the LSP and DPS&C. Defendant Lavespere is named in his individual capacity for damages for any injuries caused by his personal acts or omissions which may be fairly attributed to implementing or maintaining the policies, practices or customs

7

challenged as unconstitutional, as described in this lawsuit.

8.     Defendant **KENNETH NORRIS** was employed as Corrections Warden 4 [Warden of Medical Services] during much of the time involving the instant complaint. Defendant Norris was later replaced by Defendant **STEPHANIE LAMARTINIERE**. Defendants Norris and Lamartiniere are the direct supervisor of the LSP Medical Director, and affirmatively charged with **interpreting and implementing all existing policy as well as new and revised policy**. The published duties of Corrections Warden 4 [Medical Services] requires the incumbent to have a command of medical, nursing procedures, administration of a medical center, and institutional medical policies, practices and protocol. The published responsibilities of Corrections Warden 4, include the following: (1) direct and coordinate all activities of all departments within the treatment center to ensure federal and state laws, regulations, professional standards, and institutional goals are followed; (2) conduct periodic inspections to ensure maximum efficiency and effectiveness, which includes review of performance reports completed by supervisors and counseling on rule infractions; (3) interpret and implement all existing policy as well as new and revised policy; (4) respond to requests for Administrative Remedy submitted by offenders regarding medical complaints, and (5) investigate matters of medical and treatment nature.

Neither Defendants Norris nor Lamartiniere possess the *medical* qualifications necessary to perform the basic functions of Corrections Warden 4 [Warden Medical Services]. Neither Defendant Norris nor Lamartiniere possess any medical training. In spite of the lack of minimally necessary qualification, Defendants Norris and Lamartiniere assumed these responsibilities and are personally liable for resulting constitutional violations.

Defendant Norris and Lamartiniere responded to plaintiff's Request for Administrative Remedy alleging deliberate indifference and both were aware of repeated grievances and/or suits filed by other Offenders pertinent to inadequate medical care and/or unconstitutional conditions. Both

8

were aware of the epidemic of hernias and the policy to refuse surgery of non-incarcerated hernias due to the lack of funds.  Neither Defendant Norris nor Lamartiniere took steps to abate the inadequate care and/or unconstitutional conditions provided. Both Defendants Norris and Lamartiniere have implemented and maintained Defendant Raman Singh's unconstitutional policies and practices outlined below at the LSP facility causing both to be liable in their supervisory capacity. Defendants Norris and Lamartiniere are sued in their official for declarative and injunctive relief. Both Norris and Lamartiniere are sued in their individual capacities for damages.

9.     **JASON COLLINS, M.D.,** was the Medical Director at the R.E. Burrow Treatment Center at the Louisiana State Penitentiary, who had superseded Dr. Jonathan Roundtree. Both Roundtree and Collins were used by Defendant Singh to implement and maintain the unconstitutional policies underlying these claims, set forth below. Defendant Collins has left the employment of DPS&C and Plaintiff requires the DPS&C be ORDERED to provide the Court with his current or last known address for purposes of summons and service.  Defendant Collins was responsible for ensuring inmates receive reasonable and adequate medical care. Collins CSF [Civil Service Form] indicates his duties and responsibilities included diagnosis, prescribing medication, and assuring that outside treatment and/or surgery is scheduled and received in a timely manner when medically indicated. Defendant Collins was also responsible for supervising the other physicians and EMT's to ensure they provided proper care and treatment.

Defendant Collins was personally involved in treating patients and supervises the other physicians rendering treatment. Defendant Collins was aware Plaintiff and dozens of other inmates are suffering from severe pain from surgically untreated hernias for months and even years. Defendant Collins deliberately submitted non or under-prioritized surgery consults to outside facilities to delay scheduling of surgery.  Collins personally informed Plaintiff and dozens of

9

other inmates they must suffer pain until the hernia deteriorates into a life-threatening condition. Collin refused to abate the unnecessary pain and suffering resulting from the hernia, requiring other treating physicians continue implementing these unconstitutional policies. Defendant Collins' actions or omissions constitute deliberate indifference to serious medical needs and wanton infliction of pain in violation of the constitutional right to medical care and right to be free from cruel and unusual punishment. Defendant Collins is sued in his individual capacity for damages.

All Defendants have been deliberately indifferent to Plaintiff's serious medical needs. All Defendants have failed to provide adequate medical care for serious medical needs of which they were aware and failed to correct the unconstitutional deficiencies in access to and delivery of medical care. Plaintiff reserves the right to amend the complaint and add or delete defendants if necessary. All Defendants have acted, and continue to act, under color of State law at all times relevant to this complaint

## OVERVIEW OF CASE AND CHALLENGED CONDUCT
### of DPS&C Seeking Expansion of Baker Holdings:

In Baker v. Wilkinson, 635 F. Supp.2d 514 (W.D. La. 2009), the Court found the conduct of the DPS&C in merely classifying surgery as "elective" **does not abrogate a prison's duty or power under the Eighth Amendment to promptly provide necessary medical care for prisoners.** That basic holding has been circumvented by the DPS&C changing its policies, practices and procedures relative to how surgical consults are submitted. Now, the DPS&C physicians submit the consult to outside facilities, but only in a manner that is known it will not be acted upon. The lack or proper medical prioritization of surgery consults still delays the surgery, and the practice is implemented for the same reason condemned in Baker: lack of funds.

Despite the ruling in Baker, Defendants have maintained a policy of delaying scheduling of medically necessary surgeries which was at issue in 2006 litigation decided against the DPS&C in

2009, and justifies this Court issuing a more sweeping injunction to prevent the DPS&C from merely formulating newer and more devious ways to refuse providing medically necessary surgery and forcing prisoners to suffer infliction of pain for months and years from untreated medical conditions requiring surgical intervention due to lack of funds.  Dozens of non-incarcerated hernia prisoner patients, and hundred of other medically necessary orthopedic and other surgeries have been forestalled for months and years for surgery.  The delay is directly attributable to the improperly prioritized surgery consult and the DPS&C policy that since pain cannot be quantified or measured, the inmate must be lying about the pain he is experiencing unless the hernia deteriorates into a life-threatening emergency.  The sole legal theory of DPS&C is that since pain cannot be measured or quantified, there is no way to prove it even occurs unless the hernia deteriorated into an life-threatening emergency, and the DPS&C is neither empowered or obligated to act to treat the medical condition unless it deteriorates into a life-threatening medical crisis.

This new practice stems from the judicial condemnation of the Baker holding and reflects the Louisiana DPS&C determination to defy the principles set forth in Baker.  This Court should broaden declarative and injunctive relief to prevent the DPS&C from changing their practices, policies or procedures just enough to allow them to continue forcing prisoners to suffer from untreated hernias based on a "different" legal theory.

DPS&C policy now requires physicians under the jurisdiction of DPS&C to fail to properly prioritize the surgical consult so outside facility delay scheduling of the medically necessary surgery.  It is not the fault of the outside facility not scheduling the procedure. The blame falls squarely on the shoulders of the DPS&C officials and health care personnel who know the surgery will not be scheduled without informing the outside doctors of the proper priority level or health information.

The outside facilities are not acting on the surgical consults because they have been submitted without inadequate appropriate categorization and this is the illicit practice being used by the DPS&C

to refuse or delay surgery for financial reasons alone. DPS&C-employed physicians receive their orders from Headquarters. They must submit surgical consult in strict compliance with protocol handed down by Dr. Raman Singh who requires no surgery consult be submitted higher than a Category 2 [Routine] unless the condition is immediately life-threatening. Pursuant to Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987), this policy or practice is so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."

Defendants have refused to perform their duties in a timely, competent manner and have admittedly implemented or tolerated practices which have become policy, resulting in a denial of adequate medical treatment or needed surgery. Defendant Raman Singh established a custom, of refusing all medically necessary surgeries until and unless the condition becomes immediately life-threatening as a political favor to the DPS&C Secretary, James LeBlanc and Governor Bobby Jindal to save money.

The DPS&C and LSP Defendants claim that it is not them but LSU Health Services that refuses to schedule or perform any kind of surgery unless it is absolutely and immediately life-threatening. Defendants Norris, Lamartiniere, Cain, Collins and now Lavespere are colluding with the efforts of Raman Singh and refuse to ensure prisoners in LSP custody receive medically necessary surgeries and allowing prisoners to suffer unnecessary torment for months and even years. This protocol has been implemented and maintained for financial purposes alone and is maintained despite hundreds of prisoners suffering intense daily pain from inadequately treated conditions ranging from hernias to orthopedic and other medical ills. Since this policy originates at Headquarters level, it is reasonable to conclude that whoever is installed to replace Jason Collins at LSP will also be expected to continue implementing this unconstitutional deprivation of necessary medical care. The Court should judicially enjoin such practices repugnant to the Eighth Amendment to the United States Constitution.

## PLAINTIFF'S CLAIMS FOR RELIEF AGAINST THE DPS&C:

Plaintiff's claims center around the duty to provide medical care for known serious medical needs. Not merely because he is experiencing pain or his blood pressure, pulse, and respiration indicates he might be in pain, but because he is incarcerated and unable to procure medical care for himself. Plaintiff now has a diagnosed hernia known to exist by the Defendants for more than three (3) years. The surgical treatment of this hernia is refused because of the unconstitutional policy of refusing hernia surgery for prisoners suffering from a non-incarcerated hernia and forcing Plaintiff to live in severe daily torment, disabilities in basic human activities of daily living: inability to eat, severe weight loss, burning pain, inability to urinate or defecate without severe pain, from known serious medical needs. In short, Plaintiff is being allowed to waste away because he is unable to get the medical care he needs to surgically treat the hernia which would be immediately performed if he were on the street capable of procuring his own medical care.

Plaintiff filed Request for Administrative Remedy in this matter as a result of a deliberate indifference to his serious medical needs. The request for Administrative remedy in this matter was accepted and assigned LSP – 2013 – 2225. The Department denied relief at the First step on 9/4/2013. Plaintiff was not satisfied with the First Step response and timely requested review at the Second Step. The Second Step was denied on 10/30/13. Plaintiff avers that he has exhausted both steps in the process prior to filing the instant complaint. **(See attached Exhibit)**

### STATEMENT OF FACTS

Petitioner, after making sick call on more than one occasion for pain in the lower abdomen/groin area from work related injury was seen at R.E. Barrow Treatment Center and diagnosed by physician with an inguinal hernia. Petitioner declared himself an emergency because the hernia more than tripled in size and the pain became severe. Petitioner reported to the Treatment Center and was told about a class-action suit regarding hernias, and that he would receive treatment

but couldn't be told when. I was sent back to my dormitory without treatment. **The pain has become severe and** keeps me from doing normal daily activities.    Plaintiff was seen by a doctor who informed him that the hernia was severe and that surgery was required to repair the damage. Plaintiff was told he cannot prove he is in pain, or the degree of pain being experienced indicating a need for immediate surgical intervention.  Plaintiff has repeatedly requested access to medical treatment to deal with the excruciating pain caused by the hernia. The Defendants have ignored Plaintiff's complaints of severe pain resulting from the hernia, have refused to provide care, and the inordinate delay has resulted in needless injury, needless pain and suffering.

Plaintiff was informed that surgery would not be performed unless considered life threatening **due to lack of funds**. Plaintiff has been forced to suffering excruciating torment daily from the denial of needed medical care resulting from lack of funds amounts to deliberate indifference to his serious medical needs.

### CLAIM ONE

### THE DEFENDANTS WERE DELIBERATE INDIFFERENT TO PLAINTIFF'S SERIOUSMEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT

### LAW AND ARGUMENT

A hernia occurs when part of the stomach lining or intestine bulges through a tear in the muscle wall. The four main types of hernias are: Inguinal, femoral, Hiatal, and Umbilical. Plaintiff is suffering the most common which is Inguinal/femoral. Hernias produce pain and make it hard to accomplish everyday tasks. Hernias can interfere with blood flow and cause blockage in the intestines. A herniorrhaphy is the surgical procedure performed to correct a hernia and is usually performed when a hernia impairs a persons daily life. A hernia becomes dangerous when a person develops abdominal pain and/or problems with bowel movements. Plaintiff complained of abdominal pain and/ or problems with bowel movements. Plaintiff complained of abdominal pain from the onset which became excruciating. Plaintiff also complained of problems/pain with bowel movements, and

14

subsequently, Plaintiff was passing blood. Plaintiff suffered severe pain causing disruption of his daily living activities for more than a year. Plaintiff's complaints of excruciating pain and condition were ignored. Plaintiff's hernia ultimately ruptured resulting in emergency surgery. Plaintiff suffered needless injury and suffered excruciating pain and mental anguish as he feared for his life.

## Access and Delivery of Medical Care

Present practices, policies and customs being implemented regarding medical access at the LSP are unconstitutional and the moving force causing the deprivation of access to medical care. Specifically, of the causes of the needless pain and suffering from which the instant complaint is based. Plaintiff submits that as a result of these deficiencies, he is **"very likely to suffer future injury by the defendants."** [1]

Plaintiff submits that the inadequate medical care described is common at the Louisiana State Penitentiary and establishes a pattern. Plaintiff submits that inordinate delays in receiving needed care, in seeing outside specialists, being denied needed surgery or canceling scheduled surgeries without regard for an inmate's health and well being is known well by inmates at L.S.P. Plaintiff submits that there are over forty (40) inmates suffering from hernias, and a plethora of offenders suffering with serious medical needs who are not receiving adequate medical care for those needs. Many offenders have serious medical problems that are being systematically turned away from any semblance of reasonable medical care responsive to their needs. Offenders are attending sick call for serious medical needs such as severe pneumonia, flu, staph infection, stomach virus, hernia, injury to tendons, severe arthritis, back injuries, ect., and the EMT's systematically send the offenders back to their dormitories informing them that hey will see a doctor at appointment in the near future. Offenders are presenting themselves as a self declared emergency with serious medical needs, only to be sent back down the walk to their dormitories without care without receiving examination by a

---

1   Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); Estelle v. Gamble, 429, U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).

physician, the slightest diagnostic testing, or any medical treatment. This is exactly what Plaintiff endured.

The policies, regulations, and directives governing access and delivery of medical care are not being followed and needed medical care is being denied without regard for the inmate health and safety. Inmates are being charged for attending sick call without being seen by a physician which is contrary to statute or policies of the Department. Moreover, many offenders have medical conditions requiring surgery, and surgery is not being provided. Physicians are now routinely informing inmates that surgery will not be provided unless life threatening for a **lack of funds**. The Department feels that a prisoner should expect to suffer a lifetime handicap as long as the medical problem underlying the reason for surgery does not **immediately** threaten his life. Plaintiff submits that his hernia is a good example and plaintiff's hernia did rupture. This should not have occurred. Plaintiff was denied needed medical care based upon cost and **this will continue** to result in the same needless pain and suffering endured by Plaintiff if not stopped, and will result in further injury, permanent lifetime handicap, or worse, even death!

Even if the defendants submit that the reason for lack of adequate care for serious medical needs was due to balancing their budget or absence of funding from the legislature, lack of funding **is not a defense to the Eighth Amendment violations.**[2]   The United States Fifth Circuit Court of Appeals[3] noted it should not need repeating that compliance with constitutional standards may not be frustrated by legislative inaction of failure to provide the necessary funds."[4]

Plaintiff submits that the actions and/or in-actions described herein are not inadvertent mistakes or oversight, this has been going on and **still ongoing.** Plaintiff may be an incarcerated prisoner, but he is still a human being. A prisoner does not shed all of his constitutional rights at the

---

[2]   U.S. Const. Amend. 8. Casey v. Lewis, 834 F. Supp. 1477, 1546 (D. Ariz. 1993); Hoptowit v. Ray, 682 F.2d at 1253.

[3]   Newman v. State of Ala., 559 F. F2d 283 (C.A. 5 (Ala. 1977)

[4]   See also, Hamilton v. Love, 328 F. Supp. 1182 at 1194, E.D. Ark. (1971), "inadequate resources can never be an adequate justification for depriving any person of his constitutional rights."

prison gate.[5]

Plaintiff submits that the defendants actions and/or in-actions of the defendants amount to deliberate indifference to his serious medical needs. The defendants were aware of Plaintiff's ARP and the plethora of other ARP's and suits previously filed. The actions and/or in-actions of the defendants are contrary to established law and policies already in place. Plaintiff submits that there are serious systematic deficiencies in the access and delivery of needed medical care and the failure to take reasonable measures to abate the constitutional violations amounts to deliberate indifference.

Plaintiff submits that the defendants have failed to remedy ongoing violations of which they **were aware or should have been aware** due to the numerous ARP's and/or suits previously filed. The actions and/or in-actions of the defendants go beyond being arbitrary, conspicuous, or negligent. Plaintiff submits that the actions and/or in-actions were deliberate and that there is a pattern of this type treatment. The test of whether governmental action is arbitrary and capricious is whether the action is reasonable under the circumstances.[6] The actions described herein go beyond reasonable. Plaintiff submits that he endured repeated deliberate inordinate delay in providing needed medical care and surgery which resulted in needless pain and suffering.

The Supreme Court of the United States has recognized that the Eighth Amendment establishes a State's obligation to provide medical care for those whom it has incarcerated. Deliberate indifference to a prisoner's serious medical illness or injury states a cause of action under §1983.[7] Deliberate indifference describes a state of mind more blameworthy than negligence and there must be "more than ordinary lack of due care for the prisoner's interests or safety."[8] In **Estelle v. Gamble**, the court defined the standard for Eighth Amendment review of prisoner's complaints concerning their medical treatment. To State a cognizable claim the Court said " a prisoner must allege acts or

---

5   Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed. 2D (1974) and progeny cases.
6   Clark v. City of Shreveport, App. 2 cir. 1995, 655 So. 2d 617, 26, 638 (La. App. 2 Cir. 5/10/95).
7   Estelle v. Gamble, 429, U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).
8   Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2D 811 (1994).

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.[9]   The required indifference could be manifested, I said "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying access to medical care or intentionally interfering with the treatment once prescribed."[10]   Under Eighth Amendment proscription against unnecessary and wanton infliction of pain by deliberate indifference to "serious medical needs" of prisoners, medical need is serious if it is one that has been diagnosed by physician as mandating treatment or one that is so obvious that even a lay person would easily recognize necessity for doctor's attention.[11] Plaintiff submits that his condition would be obvious to a layman. A general definition of serious medical needs refers to "conditions that cause pain, discomfort, or threat to good health."[12]   Plaintiff avers that even a layman would have questioned the pain Plaintiff was in.

Plaintiff must not only show that defendant was callously indifferent to medical needs, but that those needs were serious, and that failure to treat them resulted in personal injury. It is necessary to show either denial or unreasonably delayed access to physician for diagnosis or treatment of discomfort-causing ailment, or failure to provide prescribed treatment. Plaintiff submits he has done so.

In this case,  Plaintiff shows denial, unnecessary and/or intentional delay, and that failure to provide adequate medical care and treatment for his serious medical needs resulted in needless pain, suffering, and injury. The actions and/or in-actions of the defendants also pose a serious threat of harm to plaintiff's future health. Plaintiff has suffered excruciating pain and mental anguish amounting to **cruel and unusual punishment.**

As a practical matter, 'deliberate indifference' can be evidenced by repeated examples of negligent acts which disclose a pattern of by the prison medical staffs or it can be demonstrated by

---

9   429 U.S. At 106 97 S.Ct. At 292.
10 429 U.S. At 104-105, 97 S.Ct. At 291.
11 U.S.C.A. Const. Amend. 8.
12 See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976) ; McGuckin v. Smith, 974 F.2d. At 1060.

'proving there are such systematic and gross deficiencies in staffing, facilities, equipment or procedures that the inmate population is effectively denied access to adequate medical care.'[13] Plaintiff submits that there are such deficiencies, and the failure of Warden Cain and/or Assistant Warden Norris to assure that policies already in place were being enforced, and take the necessary steps to abate the unconstitutional conditions, this resulted in needless pain and suffering in violation of the Eighth Amendment. In the instant case, plaintiff avers that the actions and/or of the defendants were not negligence or even gross negligence. The actions and omissions of the defendants were and are deliberate and there is a pattern of this type treatment. Plaintiff is not the only inmate to endure these conditions. The defendants were aware of his condition, its severity, the pain it causes, and they disregarded the need for treatment. Without regard for Plaintiff's health and well being. Under such conditions, unnecessary suffering is inevitable.

Plaintiff submits that he is entitled to damages, and that declaratory and injunctive relief are necessary to preclude the defendants from continuing these unconstitutional actions and assure that he and others receive adequate medical care in the future.

It is well established that a finding of deliberate indifference requires a finding of a defendant's **subjective awareness** of the relevant risk.[14]

An Inmate alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment must prove objectively that he was exposed to a substantial risk of serious harm and must show that the defendants acted or failed to act with deliberate indifference to that risk.[15] Plaintiff submits he has done so. The deliberate indifference standard which must be shown by the inmate alleging that officials violated his Eighth Amendment right to adequate medical care is a subjective inquiry. The inmate must establish that the officials were actually aware of the risk to

---

13 Ramos v. Lamm, 639 F. 2d. 559, 575 (10th Cir. 1980) (citation omitted), Cert. Denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d. 239 (1981). See also Todaro v. Ward, 565 F.2d 48, 52 (2nd Cir. 1977).

14 Farmer v. Brennan, 511 U.S. 825, 114 S. Ct.1970, 1979, 128 L.Ed.2d. 811 (1994).

15 U.S.C.A. Const. Amend. 8.

which he was exposed, yet consciously disregarded it. Plaintiff submits he has done so.

## CONCLUSION

Plaintiff contends the actions or omissions of defendants in this matter indicate deliberate indifference to his serious medical needs and constitute cruel and unusual punishment. Plaintiff suffered needless injury and endured needless pain and suffering both physical and mental. Plaintiff submits that he is entitled to monetary damages and declaratory and injunctive relief. Plaintiff submits that he failure of the defendants to provide adequate medical care and treatment under the circumstances described indicates deliberate indifference to his serious medical needs mandating relief.

RESPECTFULLY SUBMITTED:

Russell Ware

RUSSELL WARE
#118323 OAK 4
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

## DECLARATION UNDER PENALTY OF PERJURY

I RUSSELL WARE, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1. I am the plaintiff in the above titled matter and I am solely responsible for its contents

2. All of the allegations contained herein are **true and correct** to the best of my knowledge, information and belief.

On this 19 day of September ,2014

RESPECTFULLY SUBMITTED:

**RUSSELL WARE**
#118323 OAK 4
La. State Penitentiary
ANGOLA, La. 70712

21

## CERTIFICATE OF SERVICE

I RUSSELL WARE, hereby certify that I have placed a copy of this 42 U.S.C. § 1983 Civil Rights action for Declaratory and Injunctive Relief and Damages in the Federal Mail Box for electronic transfer to the clerk of court for the United States District Court, Middle District of Louisiana, Baton Rouge, La. 70821 0n this _19_ day of _September_ ,2014.

_Russell Ware_
**RUSSELL WARE**
**#118323 OAK 4**
**La. State Penitentiary**
**ANGOLA, La. 70712**

**PLEASE SERVE THE DEFENDANTS AT:**

**LOUISIANA STATE PENITENTIARY**
**17544 TUNICA TRACE**
**ANGOLA, LA 70712**

**OR**

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**504 MAYFLOWER STREET, P.O. BOX 94304**
**CIVIL LITIGATION DIVISION**
**BATON ROUGE, LOUISIANA 70804-9304**